**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EMANUEL NELSON, JR.**

**Plaintiff,**

**v.**

**AMERICAN POSTAL WORKERS UNION, sued asSt. Paul Minnesota Local of the American Postal Workers Union,**

**Defendant.**

**Civil No. 00-2021(DDA/SRN)**

**REPORT AND RECOMMENDATION**

---

Michael Mobley, Esq., on behalf of Plaintiff Emanuel Nelson.

Connie Howard, Esq., on behalf of Defendant American Postal Workers Union.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 8, 2001, on a motion by Defendant American Postal Workers Unition, St. Paul Area Local (the Union), for discovery sanctions pursuant to Federal Rules of Civil Procedure 37(d) and 37(b)(2).

Specifically, the Union asks for dismissal of Plaintiff's Complaint

FILED MAY 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and for an award of reasonable attorney's fees and expenses in this case because, after filing this lawsuit and putting the Union to considerable time and expense in defending it, Plaintiff Nelson has ignored his obligation to appear for his own deposition. The Union submits that it repeatedly postponed Mr. Nelson's deposition to accommodate him, and even agreed to schedule the deposition at a time which coincided with a trip Mr. Nelson was making to the Twin Cities for other reasons. Notwithstanding this courtesy, Plaintiff Nelson did not make himself available for deposition on any of the properly noticed deposition dates. Finally, the Union points out that Mr. Nelson has not even maintained contact with his own counsel, thereby making it impossible to proceed with his deposition, an independent medical examination (because Plaintiff has arguably placed both his medical and mental condition at issue in this action), or other discovery regarding Mr. Nelson's claims.

Rule 37(d) of the Federal Rules of Civil Procedure provides, in relevant part:

> **Failure of Party to Attend Own Deposition or Serve Answers to Interrogatories Or Respond to Request for Inspection.** If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses,

> including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The sanctions set forth in Fed. R. Civ. P. 37(b)(2), as referenced in Rule 37(d), include the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Here the Union contends that, in light of Plaintiff's flagrant disregard for the obligations inherent in prosecuting a civil suit, Plaintiff's suit against the Union should be dismissed and the Union should be awarded reasonable expenses, including attorney's fees incurred in defending against the suit. In addition, Ms. Howard, counsel for the Union, believed that Plaintiff's counsel Mr. Mobley had effectively abandoned the case due to his failure to respond to letters or e-mail messages, and her inability to contact him by

telephone or fax.[1] As such, the Union asserts that in keeping with Rule 37(d), and recognizing that it is unlikely to be able to collect from Plaintiff Nelson, Mr. Mobley should be held jointly and severally liable for the Union's reasonable expenses in this case.

At the conclusion of the hearing on this motion, the Court directed counsel for the Plaintiff to definitively advise the Court by May 22, 2001, whether Plaintiff Nelson wishes to proceed with this case. In the meantime, the Court recommends that the Defendant's motion for sanctions in the form of dismissal of this lawsuit be denied.

The Court also directed counsel for the Union to submit an affidavit detailing the particular costs of the current motion. Ms. Howard complied, and based on Ms. Howard's Affidavit and the detailed accounting of costs accompanying it, (see Affidavit of Connie L. Howard dated May 8, 2001), the Court recommends that the Union's motion for sanctions be granted in part as to its request for an award of its costs and attorney's fees. Specifically, the Court recommends that the Union be awarded $1,676.17 from the Plaintiff Nelson as and for the costs and fees incurred in bringing its motion for discovery sanctions.

Based on the foregoing, and all the files, records and proceedings

---

[1] Mr. Mobley represented that he recently relocated his office, and had neglected to update his address and telephone numbers with either Ms. Howard or the Court.

herein,

**IT IS HEREBY RECOMMENDED** that:

1) The motion by Defendant American Postal Workers Union, St. Paul Area Local, for discovery sanctions pursuant to Federal Rules of Civil Procedure 37(d) and 37(b)(2) (Doc. No. 9) be **DENIED WITHOUT PREJUDICE** as to the request for dismissal of this lawsuit for failure to prosecute, and **GRANTED** as to the request for an award of fees and costs in the amount of $1,676.17 from Plaintiff Emanuel Nelson.

Dated: May 21, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may objcct to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **no later than fourteen days from the date of this document** with a writing which specifically identifies those portions of this Report to which objections are made and the bases of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.